No. 20603.

C<small>ITY OF</small> E<small>NGLEWOOD</small> *v.* A<small>MY</small> E. M<small>ILLER</small>.
(392 P.2d 591)

Decided May 25, 1964.

Mr. J<small>OSEPH</small> W. E<small>SCH</small>, for plaintiff in error.

Messrs. C<small>REAMER</small> & C<small>REAMER</small>, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

The City of Englewood sought in the district court of Arapahoe County a mandatory injunction against defendant in error Miller "ordering her to cause the natural drain course across her property to be opened for the natural flow of water in said drain course across said property and to be kept open for the flow of such water."

After hearing the evidence and viewing the exhibits, consisting of maps and photographs, the court ruled that the City had failed to sustain the allegations of its complaint and entered judgment for Miller. This action of the trial court is challenged here by writ of error.

The findings of the trial court embody a complete summary of the facts of the case. The court said:

"That there is no satisfactory evidence that the Defendant or any of her agents, servants, employees, or predecessors in title have caused the accumulation of water complained of or have caused Defendant's property to be raised in such manner as to block the natural flow of water; there is no substantial testimony that the accumulation is the fault of the property owner; and there is no evidence sufficient to support the allegations of the Complaint so as to compel the Defendant property owner to do that which the City of Englewood can do; there being no evidence that the Defendant property owner contributed in any manner to the situation complained of.

"That the maps, diagrams, and photographs introduced by the Plaintiff indicate that the accumulation of sod or other matter complained of by the Plaintiff is located on the property line between the property of the Defendant and that immediately to the north of her, and this court cannot by mandatory injunction require the Defendant to remedy a situation for which she is not responsible, nor can it make orders relative to the adjacent property or its owner, who is not a party to this action.

"The court finds from the evidence that the Defendant's property is located within a natural drainage area and is subject to a subservient easement for the flow of surface water from dominant properties. That had this been rural property, without interposition of a street, a servient owner of property could not prevent drainage from property of a dominant owner, but there are here many intervening factors, including erection of improvements in the path of natural drainage, establishment of public roads, grading and alteration and pavement of those roads, all of which have interfered with and change the natural flow of water. Moreover, recent establishment of a paved street, involving efforts to solve the problem of drainage, has not succeeded. That fact is not the fault of the Defendant property owner, and the blame rests upon the city if it is to be cast upon anyone."

██ The record amply supports the judgment and findings of the court that the ponding complained of was the result of the City's acts. Although the Miller property is on the low side of the surrounding area which generally slopes from east to west, there was no evidence that the Miller property was across a draw, swale or channel. There was no evidence either that actual drainage ever occurred across the Miller property at any time prior to the time the City paved the streets in 1959 or at any time afterwards. As a matter of fact, after the paving of the street, the City created crowns and gutters, and for a considerable period of time there was an accumulation of water on Pennsylvania Street — the street on which the Miller property fronts — at a point on the *east side* of the street, which is across the street from the Miller property. This accumulation of water there was an irritation to the property owners and users of the street so the City cut through the crown of the street and created a drainage pan to take the water from the east to the west side of the street, thus transporting the water to the northeast corner of the defendant Miller's property. There the ground blocks further drainage.

There was no evidence that the ground was raised by Miller, who had only a short time before the suit acquired the property. Nor was it shown that her predecessors in title did any act to interfere with the drainage of the water. On the contrary, the evidence was, and the court so found, that it was the acts of the City which caused the trouble. As was pointed out in the testimony, the City merely caused the impounding of the water to be moved from one side of the street to the other.

■■ In a proper case the court will and should issue a mandatory injunction for the opening of an easement which has been blocked. *Trueblood v. Pierce,* 116 Colo. 221, 179 P.2d 671. See also 28 C.J.S. (Easements), § 107 (f). In order to obtain the relief asked for here, however, it was incumbent upon the City to show that the water would *naturally flow,* if unobstructed, across the defendant's property.

There is nothing in the record to support a finding that the Miller property was subject to an easement for drainage.

The judgment is affirmed.